Teresa T.H. Hung-Nguyen SBN: 244133
Law Offices of Teresa T.H. Hung-Nguyen, PC
730 Story Road #4
San Jose, CA 95122
Telephone: (408) 275-1626
Fax: (408) 275-6949


Attorney for Debtor
Liem V. Ho

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

Liem V. Ho,

          Debtor.

) Case No.: 09-50245 RLE
)
) Adv. Case No. 09-05129
)
) Chapter 7
)
) **MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY**
)
) HON. ROGER L. EFREMSKY

### MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY

     Liem V. Ho, debtor in the above captioned proceeding, by and through his counsel, hereby requests Trustee to abandon property commonly known as 865 Central Avenue, Mountain View, California 94043 (the "Property"). Chinh Thi Vo is the ex-wife of Debtor, Liem Ho and joint tenant co-owner of the property.

*There must be BENEFIT to the Estate in the sale of Estate property.*

     In order for the Trustee to sell property co-owned by a debtor there must be some benefit to the estate (*See 11 USC Section 363, see also In re Haley, 100 B.R. 13*). Bankruptcy Code requires that the non Debtor co-owner receive proceeds of a sale according to his or her interest,

less costs and expenses, <u>exclusive</u> of trustee's fees (*See 11 USC Section 363(j)*). The statute, does not burden a nondebtor co-owner with trustee's compensation, which is properly chargeable to the bankruptcy estate. (*See 11 USC Section 363(j) See also, Coan v Bernier (In re Bernier) (1995, BC DC Conn) 176 BR 976*).

*Analysis of Benefit to the Estate of sale of Joint Tenancy property*

Chinh Thi Vo and Debtor hold title as Joint Tenants with Rights of Survivorship as evidenced by the deed on file with Santa Clara County Recorders office. In addition, both owners have acknowledged and declared that they are Joint Tenant owners of the Property. The following calculations demonstrating the absence of any value remaining to the estate if this Property is sold:

- By the Debtor's own estimation on his revised schedules the property is valued at $717,302. Value of debtor's interest as a 50% owner in Joint Tenancy is therefore $358,651.
- The total liens on the Property amounts to $557,666 which leaves gross proceeds of $159,636 before any cost, expenses or exemption deductions.
- Cost of sale estimated at a low 8% ($55,920) must be paid first leaving a remaining value of $103,716.
- Debtor retains only one half of this remaining value or $51,858.
    - o The trustee costs must then be paid from the Debtor proceeds only. If trustee costs, estimated at 1% ($7,170) of the property

valuation, are then deducted the remaining value is now $44,688.

- o The amended schedule C shows Debtor's homestead exemption of $75,000. No objects to this Amended Schedule C have been received. The estate has no interest in exempt property (see *In re Hall (11th Cir 1985) 752 F2d 582, 589*). Thus the remaining value of the property is exempt and there is nothing left for the estate to use to pay creditors.

After accounting for Debtor's $75,000 exemption, cost of sale, liens against the Home, and trustee's fees there would be no funds left over for distribution to the creditors. Because there would be no funds left over for distribution there is no benefit to the estate and it is therefore impossible for the Trustee to satisfy 11 USC Section 363(h)(3).

**IN SUMMARY**: There will be No benefit to the Estate in the sale of this property

Assuming a sale price of $717,302 the Estate's 50% Interest equals $358,651:

| | | | |
|---|---|---|---|
| TOTAL Valuation of Property | $717,302 | Debtors 50% | $358,651 |
| Debtor's liens on Home | All Liens $557,666 | Debtors 50% | $278,833 |
| Cost of Sale, at 8% | $ 55,920 | Debtors 50% | $ 27,960 |
| Trustee's Fees, at 1% | | Debtor 100% | $ 7,173 |
| NET TO THE ESTATE Before Exemption | | | $ 44,685 |
| Homestead Exemption | | Debtor 100% | $ 75,000 |
| NET TO THE ESTATE after Exemption | | | $ 0 |

Accordingly, Debtor requests that the trustee abandon the property.

Dated this 3rd day of February, 2010

/s/ Liem Ho
Liem Ho
Debtor herein

N:\BK LAW\LIEM HO\MOTION TO ABANDON PROPERTY\Motion to abandon property 2.3.10.doc

Page 4 – MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY    In re Liem V. Ho
Case No. 09-50245 RLE
Adv. Case No. 09-05129

Case: 09-50245    Doc# 51    Filed: 02/04/10    Entered: 02/04/10 16:02:38    Page 4 of 4